1
2
3
4
5                    UNITED STATES DISTRICT COURT

6                    EASTERN DISTRICT OF WASHINGTON

7    PATRICIA C.,

8                              Plaintiff,        NO. 4:20-CV-5225-TOR

9          v.                                    ORDER DENYING PLAINTIFF'S
                                                 MOTION FOR SUMMARY
10   COMMISSIONER OF SOCIAL                       JUDGMENT AND GRANTING
     SECURITY,                                    DEFENDANT'S MOTION FOR
11                                                SUMMARY JUDGMENT
                             Defendant.
12

13          BEFORE THE COURT are the parties' cross-motions for summary

14   judgment (ECF Nos. 13, 15).  Plaintiff is represented by Chad L. Hatfield.

15   Defendant is represented by Joseph J. Langkamer.  This matter was submitted for

16   consideration without oral argument.  The Court has reviewed the administrative

17   record and the parties' completed briefing and is fully informed.  For the reasons

18   discussed below, the Court **DENIES** Plaintiff's motion and **GRANTS** Defendant's

19   motion.

20

     ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
     AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
     JUDGMENT ~ 1

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158–59 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674

1  F.3d 1104, 1111 (9th Cir. 2012).  Further, a district court "may not reverse an

2  ALJ's decision on account of an error that is harmless." *Id.*  An error is harmless

3  "where it is inconsequential to the [ALJ's] ultimate nondisability determination."

4  *Id.* at 1115 (quotation and citation omitted).  The party appealing the ALJ's

5  decision generally bears the burden of establishing that it was harmed.  *Shinseki v.*

6  *Sanders*, 556 U.S. 396, 409–10 (2009).

7  **FIVE STEP SEQUENTIAL EVALUATION PROCESS**

8  A claimant must satisfy two conditions to be considered "disabled" within

9  the meaning of the Social Security Act.  First, the claimant must be "unable to

10 engage in any substantial gainful activity by reason of any medically determinable

11 physical or mental impairment which can be expected to result in death or which

12 has lasted or can be expected to last for a continuous period of not less than 12

13 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  Second, the claimant's

14 impairment must be "of such severity that [he or she] is not only unable to do [his

15 or her] previous work[,] but cannot, considering [his or her] age, education, and

16 work experience, engage in any other kind of substantial gainful work which exists

17 in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

18 The Commissioner has established a five-step sequential analysis to

19 determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. §

20 416.920(a)(4)(i)–(v).  At step one, the Commissioner considers the claimant's

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 3

work activity.  20 C.F.R. § 416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. § 416.920(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. § 416.920(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  20 C.F.R. § 416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity."  Residual functional capacity ("RFC"),

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4

1  defined generally as the claimant's ability to perform physical and mental work

2  activities on a sustained basis despite his or her limitations (20 C.F.R. §

3  416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

4      At step four, the Commissioner considers whether, in view of the claimant's

5  RFC, the claimant is capable of performing work that he or she has performed in

6  the past ("past relevant work"). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is

7  capable of performing past relevant work, the Commissioner must find that the

8  claimant is not disabled. 20 C.F.R. § 416.920(f). If the claimant is incapable of

9  performing such work, the analysis proceeds to step five.

10     At step five, the Commissioner considers whether, in view of the claimant's

11  RFC, the claimant is capable of performing other work in the national economy.

12  20 C.F.R. § 416.920(a)(4)(v). In making this determination, the Commissioner

13  must also consider vocational factors such as the claimant's age, education, and

14  work experience. *Id.* If the claimant is capable of adjusting to other work, the

15  Commissioner must find that the claimant is not disabled. 20 C.F.R. §

16  416.920(g)(1). If the claimant is not capable of adjusting to other work, the

17  analysis concludes with a finding that the claimant is disabled and is therefore

18  entitled to benefits. *Id.*

19     The claimant bears the burden of proof at steps one through four above.

20  *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 5

1  step five, the burden shifts to the Commissioner to establish that (1) the claimant is

2  capable of performing other work; and (2) such work "exists in significant

3  numbers in the national economy." 20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*,

4  700 F.3d 386, 389 (9th Cir. 2012).

5  **ALJ'S FINDINGS**

6  On April 13, 2018, Plaintiff filed an application for Title XVI supplemental

7  security income benefits, alleging a disability onset date of March 28, 2017. Tr.

8  15. The application was denied initially, and again on reconsideration. *Id*.

9  Plaintiff appeared at a telephonic hearing before an administrative law judge

10 ("ALJ") on May 6, 2020. *Id*. At the hearing, Plaintiff amended her alleged onset

11 date to July 27, 2018. *Id*. On June 3, 2020, the ALJ denied Plaintiff's claim,

12 which became the Commissioner's final decision. Tr. 15–26.

13 At step one of the sequential evaluation analysis, the ALJ found Plaintiff had

14 not engaged in substantial gainful activity after July 27, 2018, the amended alleged

15 onset date. Tr. 18. At step two, the ALJ found Plaintiff had the following severe

16 impairments: chronic pain syndrome; fibromyalgia; history of myocardial

17 infarction; mild osteoarthritis of the left knee; right epicondylitis; depressive

18 disorder; anxiety disorder; borderline personality disorder; and ongoing substance

19 abuse and dependence. *Id*. At step three, the ALJ found Plaintiff did not have an

20 impairment or combination of impairments that meets or medically equals the

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 6

severity of a listed impairment. *Id*. The ALJ then found Plaintiff had a residual

functional capacity to perform light work with the following limitations:

> [Plaintiff] is able to occasionally perform postural activities expect
> never climb ladders, ropes, or scaffolds. She can frequently handle
> with the left upper extremity. She should avoid concentrated
> exposure to extreme temperatures and vibrations, and all exposure to
> hazards. She is able to understand, remember, and carry out simple
> and routine tasks. She [is] able to maintain concentration[,]
> persistence and pace for two-hour interval's [sic] between regularly
> scheduled breaks. She is able to handle simple changes, and brief and
> superficial (non-collaborative) interactions with the public and
> coworkers.

Tr. 20.

        At step four, the ALJ found Plaintiff did not have past relevant work. Tr. 24.

At step five, the ALJ found that, considering Plaintiff's age, education, work

experience, and residual functional capacity, and testimony from a vocation expert,

there were other jobs that existed in significant numbers in the national economy

that Plaintiff could perform, such as housekeeping cleaner, cafeteria attendant, and

price marker. Tr. 24–25. The ALJ concluded Plaintiff was not under a disability,

as defined in the Social Security Act, from July 27, 2018, the amended alleged

onset date, through June 3, 2020, the date of the ALJ's decision. Tr. 26.

        On September 16, 2020, the Appeals Council denied review (Tr. 1–6),

making the ALJ's decision the Commissioner's final decision for purposes of

judicial review. *See* 20 C.F.R. §§ 416.1481, 422.210.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 7

1

**ISSUES**

2            Plaintiff seeks judicial review of the Commissioner's final decision denying

3    her supplemental security income benefits under Title XVI of the Social Security

4    Act.  Plaintiff raises the following issues for this Court's review:

5        1.  Did the ALJ properly evaluate the medical opinion evidence;

6        2.  Did the ALJ properly evaluate Plaintiff's fibromyalgia under Listing 14.09D
            in accordance with SSR 12-2p;
7
        3.  Did the ALJ properly consider Plaintiff's subjective symptom testimony;
8            and

9        4.  Did the ALJ conduct an adequate analysis at step five?

10                                **DISCUSSION**

11   **A.    Medical Opinion Evidence**

12           Plaintiff argues the ALJ improperly rejected the medical opinions of Dr.

13   Rice, MD, Javier, Huerta, PA, and Dr. Green, MD.  ECF No. 13 at 9, at 13.  As an

14   initial matter, for claims filed on or after March 27, 2017, new regulations apply

15   that change the framework for how an ALJ must evaluate medical opinion

16   evidence.  20 C.F.R. § 416.920c; *see also Revisions to Rules Regarding the*

17   *Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18,

18   2017).  The ALJ applied the new regulations because Plaintiff filed her Title XVI

19   claim after March 27, 2017.  *See* Tr. 15.

20

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 8

Under the new regulations, the ALJ will no longer "give any specific evidentiary weight . . . to any medical opinion(s)." *Revisions to Rules*, 2017 WL 168819, 82 Fed. Reg. 5844-01, 5867–68.  Instead, an ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources.  20 C.F.R. § 416.920c(a)–(b).  The factors for evaluating the persuasiveness of medical opinions and prior administrative medical findings include supportability, consistency, relationship with the claimant, specialization, and "other factors that tend to support or contradict a medical opinion or prior administrative medical finding" including but not limited to "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements."  20 C.F.R. § 416.920c(c)(1)–(5).

The ALJ is required to explain how the most important factors, supportability and consistency, were considered.  20 C.F.R. § 416.920c(b)(2). These factors are explained as follows:

> (1) *Supportability*.  The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

> (2) *Consistency*.  The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9

1   20 C.F.R. § 416.920c(c)(1)–(2).

2       The ALJ may, but is not required to, explain how "the other most persuasive

3   factors in paragraphs (c)(3) through (c)(5)" were considered. 20 C.F.R.

4   § 416.920c(b)(2). However, where two or more medical opinions or prior

5   administrative findings "about the same issue are both equally well-supported . . .

6   and consistent with the record . . . but are not exactly the same," the ALJ is

7   required to explain how "the most persuasive factors" were considered. 20 C.F.R.

8   § 416.920c(b)(2).

9       The parties dispute whether Ninth Circuit law that predates the new

10   regulations apply. ECF Nos. 16 at 20; 20 at 11. The Ninth Circuit currently

11   requires the ALJ to provide "clear and convincing" reasons for rejecting the

12   uncontradicted opinion of either a treating or examining physician. *Lester v.*

13   *Chater*, 81 F.3d 821, 830 (9th Cir. 1995). When a treating or examining

14   physician's opinion is contradicted, the Ninth Circuit has held the medical opinion

15   can only "be rejected for specific and legitimate reasons that are supported by

16   substantial evidence in the record." *Id.* at 830–31 (internal citation omitted).

17       At this time, the Ninth Circuit has not addressed whether these standards still

18   apply when analyzing medical opinions under the new regulations. For purposes

19   of the present case, the Court finds that resolution of this issue is unnecessary. *See*

20   *Allen T. v. Saul*, No. EDCV 19-1066-KS, 2020 WL 3510871, at *3 (C.D. Cal. June

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 10

29, 2020) (citing *Nat'l Cable & Telecomms. Ass'n v. Brand X Internet Services*, 545 U.S. 967, 981–82 (2005) ("[T]he Court is mindful that it must defer to the new regulations, even where they conflict with prior judicial precedent, unless the prior judicial construction 'follows from unambiguous terms of the statute and thus leaves no room for agency discretion.'")).

   1. *Dr. James Rice, MD*

   Plaintiff alleges the ALJ improperly rejected the opinion evidence from Dr. Rice, specifically by failing to account for Dr. Rice's assessment of Plaintiff's fibromyalgia. ECF No. 13 at 9–11. Dr. Rice filled out a medical source form in March 2020 stating that Plaintiff was limited to no more than sedentary work due to her intermittent pain, limited in her ability to handle with her right upper extremity, and that her limitations would cause her to miss more than four days of work per month. Tr. 24. The ALJ was not persuaded by Dr. Rice's "extreme opinion." *Id.* The ALJ found Dr. Rice's opinion inconsistent with Plaintiff's substantially normal physical exams that generally did not reveal any objective or positive findings. *Id.* (citing Tr. 695, 706, 708). The ALJ also found Dr. Rice's March 2020 opinion was inconsistent with his own exam findings, which indicated her pain was controlled with medication (Tr. 699). Moreover, Dr. Rice's only positive findings related to Plaintiff's left foot pain due to a previous fracture (Tr.

1  700), "right lateral epicondyle pain" (*id.*), and tenderness to palpation of the spine

2  (Tr. 708, 712, 716).

3      Plaintiff asserts the "ALJ appears unfamiliar with fibromyalgia" but fails to

4  identify how the ALJ's conclusions were erroneous.  ECF No. 13 at 10.  Plaintiff

5  briefly describes fibromyalgia as the "invisible disability" and acknowledges there

6  are diagnostic criteria for the disease but does not describe how her impairments

7  satisfy the criteria.  ECF No. 13 at 10–11.  Plaintiff cites to several medical records

8  that she contends are objective medical findings in support of her alleged

9  fibromyalgia disability.  ECF No. 16 at 3.  However, some of the records fall

10  outside the relevant timeframe and others simply do not support Plaintiff's

11  argument.  *See, e.g.*, Tr. 715 (indicating Plaintiff presented for a "corodozone shot"

12  but "had no other issue today"); 782 (indicating Plaintiff's pain control regimen

13  was working); 789, 795, 799 (routine follow ups to review Plaintiff's medication

14  and pain assessment).  Where the ALJ's interpretation of the record is reasonable,

15  as it is here, it should not be second-guessed.  *Rollins v. Massanari*, 261 F.3d 853,

16  857 (9th Cir. 2001).  Additionally, the ALJ's finding is consistent with Ninth

17  Circuit law that a medical opinion may be rejected by the ALJ if it is brief,

18  conclusory, or inadequately supported.  *Bray v. Comm'r of Soc. Sec. Admin*, 554

19  F.3d 1219, 1228 (9th Cir. 2009).  The Court finds the ALJ's conclusion is

20  supported by substantial evidence.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 12

     *2. Javier Huerta, PA; Dr. Candace Green, MD*

In October 2017, Mr. Huerta and Dr. Green each filled out a Department of Social and Health Services ("DSHS") form describing their evaluations of Plaintiff's limitations. Tr. 614–619. Mr. Huerta opined that Plaintiff was severely limited and unable to meet the demands of even sedentary work. Tr. 616. Mr. Huerta estimated Plaintiff's limitations would persist for 24 months. *Id*. Dr. Green filled out a similar DSHS form and also opined that Plaintiff was severely limited and unable to meet the demands of sedentary work and would be so limited for approximately 24 months. Tr. 619. The ALJ found the opinions unpersuasive because they were inconsistent with Plaintiff's medical records that were closer in proximity to her alleged onset date—the DSHS forms were filled out nine months prior to the alleged onset date. Tr. 23. The ALJ also found the DSHS forms lacked supportability as they were merely cursory exams and lacked any objective findings (e.g., range of motion findings, straight leg resting assessment, sensory exam, etc.). Tr. 23. Finally, the ALJ noted Mr. Huerta and Dr. Green's opinions were inconsistent with Plaintiff's overall medical records. *Id*.

Plaintiff argues the DSHS forms fall within the relevant timeframe because she applied for SSI on April 30, 2018 and the regulations stipulate that a claimant's "complete medical history" includes "the claimant's medical source(s) covering at least the 12-month period preceding the month in which the claimant applied for

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 13

disability benefits or SSI payments." SSR 18-01P, 2018 WL 4945639, at *4; 20 C.F.R. § 416.912(b)(1)(ii). Plaintiff ignores the next sentence in the regulations, which states that if the claimant's alleged onset date is less than 12 months from the date of the application, the complete medical history will be developed beginning with the month the claimant states the disability began, unless there is reason to believe the disability began sooner. *Id*. Plaintiff submitted her application on April 30, 2018 and alleged an onset date of July 27, 2018 (Tr. 15); thus, her complete medical history begins in July 2018. The DSHS forms are outside the relevant timeframe. In any event, the ALJ considered the forms and concluded that Mr. Huerta and Dr. Green's opinion evidence was unpersuasive, unsupported, and inconsistent. The ALJ's opinion is reasonable and properly supported by substantial evidence.

### B. Listing 14.09D

Plaintiff argues the ALJ failed to conduct an adequate analysis at step three, specifically by failing to consider Plaintiff's fibromyalgia under Listing 14.09D. ECF No. 13 at 17. At step three, the ALJ first determines whether a claimant's impairment meets or equals an impairment in the Listing of Impairments (the "Listings"). *See* 20 C.F.R. § 416.920(a)(4)(iii). The Listings describe specific impairments that are recognized as severe enough to prevent a person from engaging in substantially gainful activities. *See* 20 C.F.R. Pt. 404, Subpt. P, App.

1   1.  Each impairment is described using characteristics established through

2   "symptoms, signs and laboratory findings." *Tackett*, 180 F.3d at 1099.

3   To *meet* an impairment, a claimant must establish she meets each of the

4   characteristics of the listed impairment. *Id*. To *equal* an impairment, a claimant

5   must establish symptoms, signs, and laboratory findings "at least equal in severity

6   and duration" to the characteristics of the listed impairment, or, if a claimant's

7   impairment is not listed, to the impairment "most like" the claimant's own. *Id*. If

8   a claimant meets or equals one of the listed impairments, the claimant will be

9   considered disabled without further inquiry. *See* 20 C.F.R. § 416.920(d).

10   As an initial matter, fibromyalgia is not a listed impairment; thus, the ALJ

11   must determine whether Plaintiff's impairments medically meet or equal a listing.

12   The ALJ considered Plaintiff's mental and physical impairments, singly and in

13   combination, as well as whether those impairments met or equaled listings 1.02,

14   12.04, 12.06, and 12.08 before concluding that Plaintiff's impairments did not

15   meet or equal a listed impairment. Tr. 18–23. The ALJ's explanation was further

16   developed at step four, as indicated in the findings. Tr. 18.

17   Plaintiff argues the ALJ should have considered Listing 14.09D

18   (inflammatory arthritis), which requires, *inter alia*, a "marked" limitation in one of

19   the following: daily living, social functioning; or completing tasks in a timely

20   manner due to deficiencies in concentration, persistence, and pace. ECF No. 13 at

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 15

17; 20 C.F. R. Pt. 404, Subpt. P, App1, Listing § 14.09D.  Although the ALJ did

not explicitly address Listing 14.09D, she considered similar criteria when

determining if Plaintiff satisfied the "paragraph B" requirements for Listings

12.04, 12.06, and 12.08.  Tr. 19; *see* 20 C.F.R. Pt. 404, Subpt. P, App. 1, Listing §

12.04, ¶ B (requiring at least two of the following: marked restriction of activities

of daily living; marked difficulties in maintaining social functioning; or marked

difficulties in maintaining concentration, persistence, or pace).  The ALJ concluded

Plaintiff's impairments did not cause at least two "marked" limitations or one

"extreme" limitation; thus, Plaintiff did not satisfy the "paragraph B" criteria.

An "ALJ is not required to discuss the combined effects of a claimant's

impairments or compare them to any listing in an equivalency determination,

unless the claimant presents evidence in an effort to establish equivalence." *Ford*

*v. Saul*, 950 F.3d 1141, 1157 (9th Cir. 2020).  Here, Plaintiff did not press the ALJ

at the administrative hearing regarding Listing 14.09D nor did she present specific

evidence at the hearing to demonstrate equivalence.  Even now, Plaintiff makes no

effort to demonstrate how her impairments medically meet or equal Listing

14.09D.  Consequently, the ALJ's failure to discuss Listing 14.09D was not

erroneous.  The determination that Plaintiff's impairments did not medically meet

or equal a listed impairment was supported by substantial evidence.

//

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 16

1    **C.   Plaintiff's Subjective Symptom Testimony**

2            Plaintiff asserts the ALJ improperly rejected Plaintiff's subjective symptom

3    testimony.  ECF No. 13 at 18.  An ALJ engages in a two-step analysis to determine

4    whether a claimant's subjective symptom testimony can be reasonably accepted as

5    consistent with the objective medical and other evidence in the claimant's record.

6    SSR 16-3p, 2016 WL 1119029, at *2.  "First, the ALJ must determine whether

7    there is 'objective medical evidence of an underlying impairment which could

8    reasonably be expected to produce the pain or other symptoms alleged.'" *Molina*,

9    674 F.3d at 1112 (quoting *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009)).

10   "The claimant is not required to show that her impairment 'could reasonably be

11   expected to cause the severity of the symptom she has alleged; she need only show

12   that it could reasonably have caused some degree of the symptom.'" *Vasquez*, 572

13   F.3d at 591 (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir.

14   2007)).

15           Second, "[i]f the claimant meets the first test and there is no evidence of

16   malingering, the ALJ can only reject the claimant's testimony about the severity of

17   the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the

18   rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations

19   omitted).  General findings are insufficient; rather, the ALJ must identify what

20   symptom claims are being discounted and what evidence undermines these claims.

*Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (requiring the ALJ to sufficiently explain why he or she discounted claimant's symptom claims). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

The ALJ is instructed to "consider all of the evidence in an individual's record," "to determine how symptoms limit ability to perform work-related activities." SSR 16-3p, 2016 WL 1119029, at *2. When evaluating the intensity, persistence, and limiting effects of a claimant's symptoms, the following factors should be considered: (1) daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment an individual uses or has used to relieve pain or other symptoms; and (7) any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms. SSR 16-3p, 2016 WL 1119029, at *7-8; 20 C.F.R. § 416.929(c)(3).

1    Here, the ALJ found Plaintiff's impairments could reasonably be expected to

2    cause the alleged symptoms; however, Plaintiff's statements concerning the

3    intensity, persistence, and limiting effects of those symptoms were not entirely

4    consistent with the evidence.  Tr. 21.  In arriving at this conclusion, the ALJ

5    considered several of the factors described above.

6    As to the intensity and persistence of Plaintiff's impairments, the ALJ found

7    the medical record and exam findings did not support the degree of impairment

8    Plaintiff alleges.  Tr. 21.  In 2018, an examination of Plaintiff's psychiatric

9    complaints related to anxiety resulted in negative findings.  *Id*.  Physical

10    examinations from 2018 revealed either normal findings or mild positive findings.

11    *Id*.  Records from 2019 and 2020 also indicated Plaintiff's pain symptoms were

12    well managed by medication, and exam findings were negative or mild.  *Id*.  Based

13    on the medical records, the ALJ concluded the intensity and persistence of

14    Plaintiff's impairments were not as severe as she reported.  *Id*.  An ALJ may not

15    discredit a claimant's symptom testimony and deny benefits solely because the

16    degree of the symptoms alleged is not supported by objective medical evidence.

17    *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *Bunnell v. Sullivan*, 947

18    F.2d 341, 346-47 (9th Cir. 1991); *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir.

19    1989); *Burch*, 400 F.3d at 680.  However, the objective medical evidence is a

20    relevant factor, along with the medical source's information about the claimant's

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 19

1  pain or other symptoms, in determining the severity of a claimant's symptoms and

2  their disabling effects. *Rollins*, 261 F.3d at 857; 20 C.F.R. § 416.929(c)(2).

3      Regarding daily activities, the ALJ noted that Plaintiff reported she could

4  perform personal hygiene, prepare meals, walk, drive a vehicle, go shopping, and

5  manage money. Tr. 22. Plaintiff also indicated she is able to work with crafts,

6  babysit her granddaughter, and care for her dog. *Id*. Further, Plaintiff testified at

7  the hearing that she has a total of 13 grandchildren that she babysits on a regular

8  basis. *Id*. The ALJ concluded Plaintiff's ability to engage in these daily activities

9  did not support the degree of disability Plaintiff claimed. *Id*. While the Ninth

10  Circuit has cautioned against reliance on "certain daily activities, such as grocery

11  shopping, driving a car, or limited walking for exercise" to discount a plaintiff's

12  symptom allegations, the ALJ here considered other factors and found additional

13  reasons for discrediting Plaintiff's subjective symptom testimony. *Vertigan v.*

14  *Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001).

15      The ALJ also considered the type, dosage, effectiveness, and side effects of

16  any medication Plaintiff took to alleviate her symptoms. The ALJ observed that

17  Plaintiff's treatment was generally routine and conservative in nature, and that

18  Plaintiff took the appropriately prescribed medications, which were relatively

19  effective in managing Plaintiff's symptoms, as indicated by the medical records.

20  *Id*. "Impairments that can be controlled effectively with medication are not

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 20

1  disabling." *Warre v. Comm'r*, 439 F.3d 1001, 1006 (9th Cir. 2006) (citations

2  omitted).

3       Finally, the ALJ noted that other factors may have contributed to Plaintiff's

4  limitations and restrictions. *Id*. First, numerous medical reports indicated Plaintiff

5  had a history of substance abuse (*e.g.*, Tr. 467, 628) and Plaintiff admitted to

6  ongoing marijuana use (Tr. 57–58). Tr. 21–22. Additionally, the ALJ questioned

7  whether Plaintiff's limitations and restrictions were truly affected by an underlying

8  medical condition or whether they could be related to a lack of motivation, given

9  Plaintiff's absence from substantial gainful employment for over 15 years. Tr. 23.

10       Focusing primarily on the substance abuse findings, Plaintiff argues the

11  ALJ's conclusions are unsupported by the record. ECF No. 13 at 20. Plaintiff

12  ignores each of the other factors the ALJ considered in the analysis, which are all

13  properly supported by substantial evidence. Plaintiff's own interpretation of the

14  record cannot overcome the ALJ's properly supported conclusions. "Where

15  evidence is susceptible to more than one rational interpretation, it is the ALJ's

16  conclusion that must be upheld." *Burch*, 400 F.3d at 679 (citation omitted).

17       Overall, the Court finds the ALJ provided clear and convincing reasons

18  supported by substantial evidence in the record to discount Plaintiff's subjective

19  symptom testimony.

20  //

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 21

**D.  Step Five Analysis**

Plaintiff argues the ALJ failed to conduct an adequate analysis at step five by failing to consider a more complete hypothetical.  ECF No. 13 at 21.  If a claimant cannot perform his or her past relevant work, at step five the ALJ must show there are a significant number of jobs in the national economy the claimant is able to do.  *Tackett v. Apfel*, 180 F.3d 1094, 1098–99 (9th Cir. 1999); 20 C.F.R. § 416.920(d)-(e).  To do so, the ALJ may employ the testimony of a vocational expert.  *Tackett,* 180 F.3d at 1100–01; *Osenbrock v. Apfel,* 240 F.3d 1157, 1162 (9th Cir. 2000).  The ALJ's findings will be upheld if the weight of medical evidence in the record supports the hypothetical posed by the ALJ.  *Martinez v. Heckler,* 807 F.2d 771, 774 (9th Cir. 1987); *Gallant v. Heckler,* 753 F.2d 1450, 1456 (9th Cir. 1984).  The vocational expert's testimony will qualify as substantial evidence if it is reliable.  *Embrey v. Bowen,* 849 F.2d 418, 422 (9th Cir. 1988).

Here, the hypothetical posed to the vocational expert asked the expert to consider a claimant with Plaintiff's age, education, work experience, and residual functional capacity to perform light work with the following additional limitations:

> Posturals would all be at occasional, except no ladders, ropes, or scaffolds.  [S]he should avoid concentrated exposure to extreme temperatures, vibration, and all hazards.  There's a history of depression, but there's really no symptomatology in the last year and a half.  . . .  Let's indicate she can understand, remember, and carry out simple, routine tasks.  She can maintain concentration, persistence, and pace on simple, routine tasks.  She can adapt to simple changes.  And she can have brief, superficial interaction with the public and

1  coworkers.

2  Tr. 64.  The vocational expert testified that the hypothetical individual would be

3  able to perform the following representative occupations: housekeeping, with

4  approximately 750,000 jobs in the national economy; cafeteria attendant, with

5  approximately 600,000 jobs in the national economy; and price marker, with

6  approximately 101,000 jobs in the national economy.  Tr. 65.

7       Plaintiff argues the hypothetical failed to account for certain of her

8  limitations, specifically that she may be absent for more than eight days per year,

9  she may need to lie down up to four times per day for approximately 15 minutes,

10  she may be off task 10% of the time, and she is limited to only occasional handling

11  with her right upper extremity.  ECF No. 13 at 21.  Plaintiff does not cite to any

12  evidence in the record to support her assertion.

13       Having concluded the ALJ's findings with regard to Plaintiff's alleged

14  impairments were all supported by substantial evidence, the Court concludes the

15  ALJ carried her burden to prove Plaintiff retains the residual functional capacity to

16  perform certain jobs in the national economy.  The ALJ's conclusion is supported

17  by substantial evidence.

18  **CONCLUSION**

19       Having reviewed the record and the ALJ's findings, this Court concludes the

20  ALJ's decision is supported by substantial evidence and free of harmful legal error.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 23

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment (ECF No. 13) is **DENIED**.

2. Defendant's Motion for Summary Judgment (ECF No. 15) is

   **GRANTED**.

The District Court Executive is directed to enter this Order, enter judgment

accordingly, furnish copies to counsel, and **close the file**.

DATED November 15, 2021.



THOMAS O. RICE
United States District Judge

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 24